# Exhibit A



| | |
|---|---|
| HAINES LAW GROUP, APC<br>Paul K. Haines (SBN 248226)<br>phaines@haineslawgroup.com<br>Sean M. Blakely (SBN 264384)<br>sblakely@haineslawgroup.com<br>Daniel J. Brown (SBN 307604)<br>dbrown@haineslawgroup.com<br>222 N. Sepulveda Blvd., Suite 1550<br>El Segundo, California 90245<br>Tel: (424) 292-2350<br>Fax: (424) 292-2355<br><br>Attorneys for Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 23 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Moses Soto |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LUIS URIBE, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>CALIBER HOLDINGS CORPORATION, a Delaware Corporation; CALIBER COLLISION TRANSPORT SERVICES LLC, a Delaware Limited Liability Company; CALIBER BODYWORKS, INC., a California Corporation; and DOES 1 through 10,<br><br>          Defendants. | Case No.: BC 695726<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) **MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**<br><br>(2) **FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>(3) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);**<br><br>(4) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>(5) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>(6) **WAGE STATEMENT PENALTIES (LABOR CODE § 226 *et seq.*);**<br><br>(7) **UNFAIR COMPETITION (BUS. & PROF. CODE § 17200 *et seq.*); and**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

Plaintiff Luis Uribe (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against Caliber Holdings Corporation, a Delaware Corporation; Caliber Collision Transport Services LLC, a Delaware Limited Liability Company; Caliber Bodyworks, Inc., a California Corporation; and DOES 1 to 10, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, hereby brings this Complaint for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 *et. seq.*, Labor Code §§ 201 - 204, 226, 226.7 *et seq.*, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and Industrial Welfare Commission Wage Order 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Los Angeles. Defendants own, maintain offices, transact business, have an agent or agents within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 201 - 204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and

Industrial Welfare Commission Wage Order 4 which sets employment standards for the professional and technical industries.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by operating automotive collision repair centers, and employed Plaintiff and other, similarly-situated non-exempt employees within Los Angeles County and the state of California and, therefore, were (and are) doing business in the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 16) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all

members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

9. Defendants operate automotive collision repair centers and bill themselves as the "nation's largest collision repair company." Defendants operate over one hundred (100) repair centers in the State of California, and offer a wide range of automotive repair services, including major collision repairs, dent repair and removal, and auto glass repair. Plaintiff was employed by Defendants from approximately January 2016 until February 2018 in the non-exempt position of "Bodyman" (or similarly titled position). Plaintiff's primary job responsibility as a Bodyman was to perform body work on damaged vehicles.

10. At all times while employed as a Bodyman, Plaintiff has been paid on a piece-rate (or commission) basis, whereby Plaintiff is paid a certain piece-rate (or commission) per repair completed, known as a Flat Rate or Commission Pay. Despite the fact that Plaintiff records his actual hours worked pursuant to company policy, wages earned for these hours worked are treated as an advance against Plaintiff's piece-rate/commission earnings, as only those piece-rate/commission earnings in excess of the "hourly wages" are paid out as piece-rate/commission earnings, which have at times been denoted as "productivity compensation" on Plaintiff's wage statements. Plaintiff and other Bodymen are pressured and encouraged to be highly productive and were told not to leave until all repairs were finished, even completing work after clocking out. As a result, Plaintiff and other Bodymen infrequently have piece-rate/commission earnings that do not exceed their hourly wages.

11. Because Defendants' pay system is simply a subterfuge for a piece-rate/commission compensation system, Plaintiff and other Bodymen are not separately compensated for time spent working on tasks which are not compensated on a piece-rate/commission basis, including hours spent cleaning and maintaining tools, performing administrative tasks and attending mandatory meetings (i.e., "non-productive" time worked). As a result, Plaintiff was not paid at least the minimum wage for all hours actually worked, and was not credited with all overtime hours actually worked.

12. While working on a piece-rate/commission basis, Plaintiff worked shifts in excess of 3.5 hours, and was never provided with a paid rest period for every 4-hour period worked, or major fraction thereof, because Defendants' piece-rate/commission compensation plan fails to separately compensate Plaintiff for required rest periods. As a result, Plaintiff was not provided with compensated rest periods as required by Wage Order 4, §12(A), nor have Defendants compensated Plaintiff pursuant to Labor Code section 226.7 for their failure to provide "paid" rest periods.

13. Because Defendants' pay system is simply a subterfuge for a piece-rate/commission compensation system, Plaintiff and other Bodymen were encouraged to clock out for lunch without actually taking a lunch break and to clock out for the end of the day but to continue to work until all repairs were completed, resulting in many hours of off-the-clock work, and falsely reported meal periods that were never provided. In addition, Defendants have failed to provide Plaintiff and other Bodymen with a legally compliant second meal period when they work shifts in excess of 10 hours.

14. As a result of Plaintiff being paid on a piece-rate/commission basis, Defendants failed properly calculate Plaintiff's regular rate of pay for purposes of calculating overtime compensation. As a result, Plaintiff was not properly compensated at one and a half times his regular rate of pay for hours worked in excess of 8 hours per day and/or 40 hours per week, and was therefore deprived of all overtime compensation.

15. As a result of Defendants' failure to pay all minimum wages, overtime wages, and meal and rest period premium wages, Defendants maintain inaccurate payroll records and issue inaccurate wage statements to Plaintiff, and did not pay Plaintiff all wages due to Plaintiff at the termination of his employment.

**CLASS ACTION ALLEGATIONS**

16. **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

a. The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked as Bodymen (or similarly titled

positions), during the four years immediately preceding the filing of the Complaint through the present.

b. The <u>Overtime Class</u> consists of all Defendants' current and former non-exempt employees in California who worked as Bodymen (or similarly titled positions), and who worked over 8.0 hours in a day and/or 40.0 hours in a week, during the four years immediately preceding the filing of the Complaint through the present.

c. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked as Bodymen (or similarly titled positions) for at least one shift in excess of 5.0 hours, during the four years immediately preceding the filing of the Complaint through the present.

d. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked as Bodymen (or similarly titled positions), and who worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of the Complaint through the present.

e. The <u>Waiting Time Class</u> consists of all formerly employed members of the Minimum Wage Class, Overtime Class, Meal Period Class, and/or Rest Period Class, who separated their employment from Defendants in the three years immediately preceding the filing of this Complaint through the present.

f. The <u>Wage Statement Class</u> consists of all members of the Minimum Wage Class, Overtime Class, Meal Period Class, and/or Rest Period Class, who worked for Defendants in California during the one year immediately preceding the filing of the Complaint through the present.

17. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the members of each of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

   i. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 1182.12, 1194, 1194.2 and 1197 by failing to pay all members of the Minimum Wage Class at least the minimum wage for all hours worked;

   ii. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

   iii. Whether Defendants authorized and permitted all legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

   iv. Whether Defendants authorized and permitted all legally compliant rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

   v. Whether Defendants' polices and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful; and

   vi. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226.

19. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform Flat Rate or Commission Plans and rest period policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

20. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because

Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned minimum and overtime wages, was not authorized and permitted all required meal and rest periods, Plaintiff did not receive all final wages owed to him upon his separation of employment with Defendants, Defendants failed to furnish Plaintiff with complete and accurate wage statements.

21.   **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

22.   **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even

if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes are maintainable as classes under Rule 23 of the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
## MINIMUM WAGE VIOLATIONS
## (AGAINST ALL DEFENDANTS)

23. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24. Wage Order 4, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest thereon. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and members of the Minimum Wage Class for all hours worked, including, but not limited to, all hours they were subject to Defendants' control and/or were suffered or permitted to work under the Labor Code and Wage Order 4.

25. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes, but is not limited to Defendants' uniform commission compensation structure for Plaintiff and members of the Minimum Wage

Class, which resulted in these individuals only being paid on Defendants' commission-based system, as opposed to being paid for all hours actually worked. Accordingly, Plaintiff and Minimum Wage Class members were not paid at least the legal minimum wage for all hours actually worked.

26. California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the Industrial Welfare Commission prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

27. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 4.

28. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 1194 *et seq.*, and 1198; and Code of Civil Procedure § 1021.5.

29. As a consequence of Defendants' non-payment of minimum wages, Plaintiff and members of the Minimum Wage Class seek penalties pursuant to the Wage Order 4, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 *et seq.*; and damages and/or penalties pursuant to California Labor Code § 558(a).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

30. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

31. This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

32. At all times relevant herein, Defendants were obligated to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek, and for the first eight (8) hours worked on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff to work overtime hours, but did not compensate Plaintiff at one and one-half times his regular rate of pay for such hours.

33. Defendants' policy/practice of requiring overtime work and not paying at the proper overtime rates for said work violates Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Wage Order 4.

34. The foregoing policies/practices alleged herein are unlawful and create entitlement to recovery by Plaintiff in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION

### MEAL PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

35. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

36. Defendants failed to provide Plaintiff and members of the Meal Period Class with

proper meal periods in accordance with the mandates of the California Labor Code and the IWC Wage Order. As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and the IWC Wage Order.

37. Plaintiff is informed and believes that Defendants maintained a policy and/or practice of failing to pay meal period premiums at the employee's regular rate of pay, despite Plaintiff not being provided with a legally complaint meal period. As a result, Plaintiff is owed unpaid wages per California Labor Code §§ 204, 210 and 558 and meal period premium payments per California Labor Code § 512 and 226.7, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## FOURTH CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. Wage Order 4, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

40. As alleged herein, Defendants failed to separately compensate Plaintiff and members of the Rest Period Class for each rest period to which they were entitled while working pursuant to the Commission Compensation Plans.

41. The Foregoing violation create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. This cause of action is brought pursuant to Labor Code §§ 201-203 which require

an employer to pay all wages earned immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

44.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timey pay Plaintiff and members of the Waiting Time Class all final wages due to them at the time of their separation which includes, among other things, underpaid minimum wages, overtime wages, and meal and rest period premiums. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

45.    Defendants' willful failure to timely pay Plaintiff his earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

46.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate wage statements with respect to his actual regular hours worked, overtime hours worked, total gross wages earned, and total net wages earned, in violation of Labor Code§ 226 *et seq.*

48.    Defendants' failures in furnishing Plaintiff with complete and accurate itemized wage statements resulted in actual injury, as said failure led to, among other things, the non-payment of all earned overtime, and deprived him of the information necessary to identify the discrepancies in Defendants' reported data.

49.    Defendants' failures create an entitlement to recovery by Plaintiff in a civil action

for all damages and/or penalties pursuant to Labor Code § 226 *et seq.*, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq.*

## SEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

50. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

51. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to properly pay all overtime and minimum wages and failing to furnish complete and accurate itemized wage statements.

52. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff of compensation to which his is legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

53. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

54. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action

55. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself against Defendants, jointly and

severally, as follows:

1. Upon the First Cause of Action for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

2. Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

3. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

4. Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

5. Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201- 203;

6. Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

7. Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

8. Prejudgement interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

9. On all Causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, and Code of Civil Procedure § 1021.5; and

10. For such other and further relief the court may deem just and proper.

Dated: February 23, 2018

Respectfully submitted,
**HAINES LAW GROUP, APC**

By: /s/ Paul K. Haines
Paul K. Haines
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: February 23, 2018

Respectfully submitted,
**HAINES LAW GROUP, APC**

By: /s/ Paul K. Haines

Paul K. Haines
Attorneys for Plaintiff