# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 18-3581 PA (Ex) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Luis Uribe v. Caliber Holdings Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: None  Attorneys Present for Defendants: None

**Proceedings:** IN CHAMBERS – ORDER TO SHOW CAUSE

     The Court has reviewed the response (Docket No. 14) filed by defendants Caliber Holdings Corporation, Caliber Collision Transport Services LLC, and Caliber Bodyworks, Inc. (collectively "Defendants") to the Court's May 3, 2018, Order to Show Cause. In removing this putative class action filed against them by plaintiff Luis Uribe ("Plaintiff"), Defendants alleged that this Court has jurisdiction based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"). (Docket No. 1); see 28 U.S.C. § 1332(d)(2). The Court ordered Defendants to show cause why this action should not be remanded for lack of jurisdiction under either exception in 28 U.S.C. § 1332(d)(4), and why the Court should not exercise its discretion to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3). (Docket No. 11.) Defendants' response consents to remand of this action to state court.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     To invoke diversity jurisdiction pursuant to CAFA, Defendants must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). However, there are exceptions to CAFA jurisdiction for local controversies, two of which require that the Court decline to exercise jurisdiction. See 28 U.S.C. § 1332(d)(4)(A), (B).

     Under the terms of CAFA, "[a] district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2) if] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3581 PA (Ex) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Luis Uribe v. Caliber Holdings Corp., et al. | | |

    A district court is also required to decline CAFA jurisdiction where (a) "greater than two-thirds of the members of all proposed plaintiff classes are citizens of the State in which the action was originally filed"; (b) at least one defendant is a defendant "from whom significant relief is sought by members of the plaintiff class"; "whose alleged conduct forms a significant basis for the claims" of the class; and "who is a citizen of the State in which the action was originally filed"; and (c) "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i). This exception applies only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii).

    The Complaint alleges that defendant Caliber Bodyworks, Inc. is a California corporation, and that "Defendants operate over one hundred (100) repair centers in the State of California . . . ." (Compl. p.1; id. at ¶ 10.) Furthermore, Plaintiff seeks to certify multiple classes, each of which "consists of all of Defendants' current and former non-exempt employees in California who worked as Bodymen . . . ." (Id. at ¶ 16.) Thus, the Complaint alleges that one defendant is a citizen of California; all putative class members are or were, by definition, "in California"; and each of Plaintiff's claims involve violations that occurred in the state of California. When given the opportunity to explain why the local controversy exceptions to CAFA jurisdiction found in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply, Defendants filed a response "consenting to the remand of this action to state court." (Docket No. 14.) Thus, the Court finds that Defendants have not established that this Court has CAFA jurisdiction over this action.

    For the foregoing reasons, Defendants have failed to satisfy their burden of showing that this Court has jurisdiction over this action. Accordingly, this action is remanded to Los Angeles County Superior Court, Case No. BC 695726, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.